IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON DAVID YONAI,

    Petitioner,        No. 2:07-cv-2138 WBS JFM (HC)

    vs.

CSP-SAC SUPERINTENDENT
MR. WALKER, et al.,

    Respondents.        FINDINGS AND RECOMMENDATIONS
_____/

        On July 8, 2008, respondents filed a motion to dismiss pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts on the ground that petitioner failed to exhaust state court remedies prior to suit. On July 16, 2008, petitioner was served with notice of the deadline for filing an opposition to the motion. Petitioner did not timely file an opposition to the motion. By order filed August 21, 2008, petitioner was directed to file, within thirty days, either an opposition to the motion or a statement of non-opposition. Petitioner has not filed an opposition and has not responded in any way to the court's August 21, 2008 order.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must

be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

After reviewing the petition for habeas corpus and respondents' motion to dismiss and the exhibits attached thereto,  the court finds that petitioner has failed to exhaust state court remedies.  The claim raised in this action has not been fairly presented to the California Supreme Court.[2]  For this reason, respondents' motion to dismiss should be granted and this action should be dismissed.[3]

In accordance with the above, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed for failure to exhaust state remedies.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file

---

[1]  A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

[2]  The record reflects that petitioner represented to respondents' counsel that he had exhausted state remedies in a petition for review filed in the California Supreme Court.  Respondents have submitted a copy of petitioner's letter to respondents' counsel, a copy of the petition for review, and a copy of the California Supreme Court order thereon, as exhibits in support of their motion to dismiss.  Review of the exhibits shows that, while petitioner filed a petition for review in the California Supreme Court, he did not include therein the claim raised in this action.

[3]  Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

written objections with the court.  The document should be captioned "Objections to Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 25, 2008.

UNITED STATES MAGISTRATE JUDGE

12
yona2138.103